No. 20,657.

ESTHER C. HENNESY *v.* TINA MARIE HOMES, INC.
(388 P. [2d] 758)

Decided December 9, 1963.

Mr. DUANE O. LITTELL, Mr. RONALD O. SYLLING, for plaintiff in error.

Messrs. JANUARY, GILCHRIST & BLUNK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error was plaintiff in the trial court and will be referred to as plaintiff. Defendant in error was defendant and will be referred to as defendant.

Plaintiff brought the action to recover for personal injuries which she suffered as a result of a fall in a model "show" home built and owned by the defendant. She alleged in her complaint that the fall was proximately caused by the negligence of the defendant. Defendant denied any negligence on its part and by way of further defense alleged that the proximate cause of the accident was the sole negligence of the plaintiff or the contributory negligence of the plaintiff.

The testimony relating to the cause of the fall was undisputed since the only evidence in the record with respect to that issue was adduced from two employees of the defendant and from a deposition of the plaintiff taken by the defendant and introduced by stipulation on behalf of the plaintiff. Trial was to a jury and at the close of the evidence the trial court granted a motion for a directed verdict in favor of the defendant on the ground that a prima facie case of negligence on the part of the defendant had not been made and that as a matter of law the negligence of the plaintiff was the proximate cause of the accident.

Judgment was thereupon entered in favor of the defendant and the plaintiff is here by writ of error.

The record discloses that on November 24, 1961, the plaintiff, her daughter, and son-in-law were looking at model houses in contemplation of purchasing a home. They entered the defendant's "show" home through the front door and proceeded into the living room and from

there into the kitchen. Adjacent to the kitchen was a family room with an opening from the kitchen approximately seven feet wide and with a six inch step-down from the kitchen to the family room. The step-down ran the entire width of the kitchen. The floor coloring in the kitchen was different from that of the family room.

While in the kitchen the plaintiff was looking at the built in cabinets there and was walking backward as she looked. While doing so, she backed over the step-down and fell, injuring herself. The plaintiff contends that the step-down constituted such a risk to those people who were examining the house that the failure to post a warning of some kind or provide a rail constituted sufficient proof of negligence to require submission of the case to the jury.

The evidence discloses that the step would have been clearly visible to the plaintiff had she looked, that the lighting was good and that the sole cause of her fall was her act of walking backward out of the kitchen without regard to where she was going. We have held that in order to constitute actionable negligence on the part of a landowner, his conduct or activity must pose an appreciable risk of harm. *Drake v. Lerner Shops of Colo., Inc.,* 145 Colo. 1, 357 P. (2d) 624. The only thing the plaintiff proved in this case was that there was a step-down between the kitchen and the family room. The mere existence of such a step without more does not constitute negligence. Nor can it be said that merely because cabinets at which people might look were placed in the kitchen, a step between the kitchen and the adjoining room therefore constituted an appreciable risk of harm. One cannot be required to assume that people in a room in a house will walk backward out of that room into another and not see a step between the two rooms clearly visible to anyone leaving the room in a proper manner. To hold otherwise would mean that the mere happening of an accident raises a pre-

sumption of negligence and would make the defendant here an insurer of the safety of those who inspect his "show" homes.

It is clear that the plaintiff, under the circumstances of this case, was as a matter of law guilty of negligence in walking backward out of the room without paying attention to the step which was in full view and well lighted. The trial court was correct in directing a verdict for the defendant, hence the judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE MOORE concur.