NABKEY *v.* JACK LOEKS ENTERPRISES, INC.

NEGLIGENCE—TRAMPOLINES—EVIDENCE.
   Plaintiff who sustained injuries in use of defendant's trampoline was not entitled to recover therefor, where she failed to show that the trampoline was defective, was out of repair, or improperly designed, installed, or maintained, there being no negligence proximately causing her injuries following her use of the apparatus and subsequent loss of balance.

Appeal from Kent; Searl (Fred N.), J. Submitted June 9, 1965. (Calendar No. 5, Docket No. 50,476.) Decided October 4, 1965. Rehearing denied November 23, 1965.

---

REFERENCES FOR POINTS IN HEADNOTE
38 Am Jur, Negligence §§ 49, 53, 85, 92, 285, 332, 334.

Declaration by Lillian L. Nabkey against Jack Loeks Enterprises, Inc., a Michigan corporation, for injuries allegedly sustained when plaintiff used a trampoline that was owned by defendant. Directed verdict for defendant. Plaintiff appeals. Affirmed.

*Lillian Lea Nabkey, in propria persona.*

*Allaben & Massie (Keith A. Vander Weyden,* of counsel), for defendant.

PER CURIAM. This is an appeal from a directed verdict and subsequent denial of a new trial. Plaintiff Nabkey, at the time of her alleged injury, was 39 years old. She was a graduate of a Grand Rapids high school, had taken a secretarial course, and had worked as a secretary for various professional people and businesses in Grand Rapids. In the late afternoon of a Sunday in June, 1961, while driving with a friend, she picked up two young hitchhikers. They wanted to go to Bounceland. Plaintiff took them there.

At Bounceland, just outside of Grand Rapids, defendant had installed 8 or 10 pit-type trampolines, enclosed by a wire fence. (See Exhibit 5.) Plaintiff, her friend, and the two boys entered the enclosure. Plaintiff saw people jumping. The boys jumped and showed plaintiff how it was done. After observing them, plaintiff tried it. She got on and off the trampoline about a half dozen times, each time jumping six or seven times. On her last turn, she saw one foot was going to land on the trampoline and the other on the ground. To avoid hitting the ground she raised her right foot and landed on the left which took all her weight. She felt sharp shooting pains in both legs. She stepped or bounced off the trampoline.

EXHIBIT 5

On her way home she noticed some pain in her back. Later the pain became so severe she called a doctor and was thereafter attended by a succession of physicians.

The trial judge was unable to find any negligence on the part of defendant. He also held that plaintiff had voluntarily exposed herself and so had assumed the risk.

Plaintiff contends that defendant should have provided an instructor or attendant but she fails to explain how an instructor or attendant could have prevented the incident. Plaintiff fully understood the nature of the device. She observed others using it. There was nothing an instructor could have said or done which was not readily apparent to her or which, under the circumstances, was not under her own sole control. No instructor could remove the danger of becoming unbalanced. The trampoline was in good operating condition. It did exactly what it purported to do.

Plaintiff's situation was much the same as that of plaintiff in another trampoline case, *Myers* v. *Sky Jump, Inc.*, Court of Appeals of Tennessee, Eastern Section, decided at the May, 1962, term of that court.*

"Plaintiff admitted she knew the mat was unstable and that it would give as she moved about upon it and attempted to step off on the side; that she saw the springs exposed and extending from the mat to the frame on all sides of the pit and understood that the whole idea of the adventure was to try to maintain her balance under difficult circumstances and to receive the thrill of being thrown about on the mat."

Plaintiff failed to show that the trampoline was defective, out of repair, improperly designed, im-

---

* Unreported case. Certified copy of opinion was filed with the Supreme Court.—REPORTER.

properly installed, or improperly maintained. Because plaintiff did not establish negligence of defendant which was a proximate cause of her injury, her suit must fail. *Glesner* v. *Jones,* 368 Mich 510.

Affirmed, with costs to appellee.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.