586 P.2d 1012 (1978)
John C. BURCHINAL, by his guardian, James R. Burchinal, and James R. Burchinal, Individually, Plaintiffs-Appellants,
v.
Karl E. GREGORY and Norma L. Gregory, Defendants-Appellees.
No. 77-828.
Colorado Court of Appeals, Division I.
November 9, 1978.
*1013 J. D. Cellars, Lakewood, Gail F. Linn, Denver, for plaintiffs-appellants.
Burnett, Horan & Hilgers, William P. Horan, Denver, for defendants-appellees.
SILVERSTEIN, Chief Judge.
James Burchinal, individually, and as guardian for his son, John, brought this action to recover damages for injuries received by John on a trampoline owned by defendants, Karl E. and Norma L. Gregory. The action was dismissed on motion for summary judgment filed by defendants. Plaintiffs appeal and we affirm.
The facts are undisputed. John, then 15 years old, was taking turns on the trampoline with a friend and a son of the defendants. John attempted a back flip unsuccessfully and landed on his head, causing the injuries.
John had experience using trampolines and had received instruction at school. He knew the risks involved in trampoline jumping. Prior to the accident he had instructed the other two boys how to do some tricks. He had told the defendants that he knew how to use the trampoline. Also he had successfully performed the back flip several times before his unsuccessful attempt.
Plaintiffs assert defendants were negligent in failing: (1) to warn John of inherent dangers; (2) to instruct him; and (3) to supervise him in the use of the trampoline by requiring that spotters be present. Plaintiffs contend defendants' inaction in these matters raised a question of fact as to the reasonableness of defendants' conduct which should have been submitted to the jury. We disagree.
Defendants, in the management of their property, have a duty to act reasonably in view of the probability of injury to others. Mile High Fence Co. v. Radovich, 175 Colo. 537, 489 P.2d 308 (1971). However, as owners and occupiers of land, defendants are not insurers against every accident which might occur. Hennesy v. Tina Marie Homes, 153 Colo. 572, 388 P.2d 758 (1963); Herndon v. Paschal, 410 P.2d 549 (Okl.1966). Children of John's age, like adults, are presumed to take due care for their own safety. See W. Prosser, Torts § 32 (4th ed.).
Under the facts here, defendants had no duty to warn John of dangers he already understood and appreciated. Sahara v. Ragnar Benson, Inc., 52 Ill.App.3d 119, 9 Ill.Dec. 799, 367 N.E.2d 233 (1977). Where the potential for danger is readily apparent, a warning of the obvious is not *1014 necessary. See Bookout v. Victor Comptometer Corp., Colo.App., 576 P.2d 197 (1978).
Likewise, defendants had no duty to instruct John since he had more expertise on the use of the trampoline than the defendants and the other two boys. The cause of the injury was not the acts or omissions of defendants, but John's own actions. There was nothing the defendants could have said or done which would have made John more capable of avoiding the obvious risk. Where there is no duty, there can be no negligence. Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901 (1949). Therefore, no liability can attach to defendants for failure to instruct. Nabkey v. Jack Loeks Enterprises, Inc., 376 Mich. 397, 137 N.W.2d 132 (1965).
Also, defendants' failure to supervise was not a proximate cause of the accident. John admitted that spotters  persons stationed near the trampoline to aid jumpers who are about to fall off the trampoline  could not have helped him complete the flip he attempted, and, therefore, could not have prevented his injuries. Under these circumstances, the failure to supervise did not create liability. Nabkey, supra.
The record also discloses that John's parents knew that John had used other trampolines, and did not forbid that use. As was stated in McCormick v. Williams, 194 Kan. 81, 397 P.2d 392 (1964):
"A higher degree of care for the protection of a . . . child should not be imposed on a property owner than is expected of a parent or custodian. Rules should not be adopted which, if carried to their logical conclusion, would make a property owner an insurer of a . . . child against all injury."
Summary judgment is warranted when, as here, the pleadings, depositions, and admissions clearly demonstrate that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Abrahamsen v. Mountain States Telephone & Telegraph Co., 177 Colo. 422, 494 P.2d 1287 (1972).
Judgment affirmed.
COYTE and BERMAN, JJ., concur.