Samuel BROWN, Plaintiff-Appellant
and Cross-Appellee,

v.

MARTIN MARIETTA CORPORATION,
Defendant and Third-Party
Plaintiff-Appellee and Cross-Appellant,

v.

U.S. DISPOSAL SYSTEMS, INC.,
Third-Party Defendant-Appellee
and Cross-Appellee.

No. 83CA0461.

Colorado Court of Appeals,
Div. I.

June 21, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Nov. 5, 1984.

Donald L. Banghart, Lakewood, for plaintiff-appellant and cross-appellee.

Mark H. Dumm, Christina M. Habas, Denver, for defendant and third party plaintiff-appellee and cross-appellant.

Hall & Evans, Raymond J. Connell, Terry L. Christopher, Denver, for third party defendant-appellee and cross-appellee.

TURSI, Judge.

Samuel Brown brought this action against Martin Marietta Corporation seeking damages for injuries suffered on the theories of breach of contractual duty to a third-party beneficiary, and of negligence. Martin Marietta filed a third-party complaint against U.S. Disposal Systems, Inc., (USDS) seeking indemnity in the event that it were to be held liable to Brown. The trial court granted summary judgment in favor of Martin Marietta against Brown, and in favor of USDS against Martin Marietta. Brown appeals the summary judgment in favor of Martin Marietta, and Martin Marietta appeals the summary judgment in favor of USDS. We reverse the summary judgment in favor of Martin Marietta as against Brown, and we affirm the summary judgment in favor of USDS as against Martin Marietta.

USDS contracted with Martin Marietta to supply trash removal services. Brown was employed by USDS as an operator of a trash removal truck. As part of his job, he was required manually to position trash dumpsters to enable his truck to latch onto them and empty their contents.

On the day of his injury, Brown was attempting to position a dumpster which was half full of cinder blocks. In his deposition, Brown testified that the weight of the cinder blocks made positioning of the dumpsters difficult. Further, he testified that the dumpsters were to be used for office trash, but because Martin Marietta had "tore out a wall," the dumpsters were used for dumping cinder blocks. In addition, because the dumpsters were half full of cinder blocks, computer printout paper was strewn all over the cement floor. Brown testified that he had frequently en-

countered computer paper on the floor, and was aware of the danger of slipping as he had slipped on the paper in the past.

Several days prior to the date of his injury, Brown complained of the situation regarding the cinder blocks to the Martin Marietta employee in apparent charge of trash removal. The employee promised to remove the cinder blocks, but took no action to remedy the situation. When Brown again complained to the Martin Marietta employee, the employee replied, "Yeah, I have got to get them blocks out of there." Brown sustained his injuries when he slipped on computer printout paper as he was attempting to position one of the cinder block laden dumpsters.

■ We agree with the trial court that the contract imposed no duty upon Martin Marietta in favor of Brown as an employee of USDS. However, we disagree with the trial court's conclusion that, as a matter of law, Martin Marietta owed no duty to Brown.

I

A motion for summary judgment may be granted only where the evidence presents no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. All doubts as to the existence of a factual issue must be resolved in favor of the non-moving party. *Chambliss/Jenkins Associates v. Forster*, 650 P.2d 1315 (Colo.App.1982). It is only in the clearest of cases that the issue of negligence may properly be disposed of on summary judgment. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980). Based on the evidence before the trial court at the time summary judgment was entered, we conclude that there is a question of fact as to whether Martin Marietta acted reasonably in regard to the risk presented to Brown.

■ Whether a defendant owes a legal duty to a particular plaintiff is a question of law. The trial court determines, as a matter of law, the existence and scope of

the duty—that is, whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection. Where damage is to be foreseen, there is a duty to act so as to avoid it. *Metropolitan Gas Repair Service, Inc., supra.*

Here, in granting summary judgment in favor of Martin Marietta on Brown's claim for negligently inflicted injuries, the trial court concluded as a matter of law that there was neither a duty of care nor a duty to warn running from Martin Marietta to Brown. In reaching this decision, the trial court relied on *Burchinal v. Gregory*, 41 Colo.App. 490, 586 P.2d 1012 (1978). The trial court's reliance on *Burchinal* is misplaced.

■ In *Burchinal*, the plaintiff, who was experienced with trampolines, and appreciated the inherent dangers involved, was injured while voluntarily jumping on a trampoline belonging to defendants. Under those facts, this court held that, as a matter of law, there was nothing defendants could have done to make plaintiff more capable of avoiding the obvious risk. In contrast to *Burchinal*, here, evidence was presented from which it could be inferred that the condition was unreasonably dangerous, that Brown had no choice but to encounter it, and that it was within the power of Martin Marietta to remove it.

■ The status of a person injured upon the land of another is not determinative of the landowner's duty of care. Rather, a landowner is under a duty to act as a reasonable person in view of the probability or foreseeability of injury to others, and status is merely a factor to consider in determining liability. *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971). Furthermore, where there is evidence to the effect that a condition present on a defendant's land is unreasonably dangerous, that is, where the likelihood of injury is not lessened by knowledge of the condition, the question of the defendant's negligence should be submitted to the jury. *King Soopers, Inc. v. Mitchell*, 140 Colo.

119, 342 P.2d 1006 (1959) *See Restatement (Second) of Torts* § 343A (1965).

■ Brown's knowledge and appreciation of the danger may be a proper factor when considering his own negligence. However, encountering a known and appreciated danger is not necessarily negligence as a matter of law. *See King Soopers, Inc., supra.* The standard to be applied is whether the plaintiff exercised a degree of care commensurate to the known danger. *Restatement (Second) of Torts* § 473 comment e (1965).

■ A plaintiff may be found to have assumed the risk of injury where he voluntarily and unreasonably exposes himself to a known and appreciated danger. *Brown v. Kreuser*, 38 Colo.App. 554, 560 P.2d 105 (1977). But, where a plaintiff is not free to forego encountering the danger, there is no negligence in encountering the risk. *Robinson v. Belmont-Buckingham Holding Co.*, 94 Colo. 534, 31 P.2d 918 (1934). *See Seelbach, Inc. v. Mellman*, 293 Ky. 790, 170 S.W.2d 18 (Ky.App.1943).

Brown claims that the presence of the cinder blocks in the dumpsters made the condition unreasonably dangerous and that he was required to encounter the dangerous condition as part of his employment. The evidence in support of these contentions is sufficient to warrant submission of the question of Martin Marietta's negligence to the jury. Therefore, the trial court erred in granting summary judgment in favor of Martin Marietta on Brown's claim of negligence.

II

■ On appeal from the trial court's award of summary judgment in favor of USDS, Martin Marietta contends that a contractual indemnity provision provides a basis for relief against USDS, a complying employer, notwithstanding the mandates of § 8–42–102, C.R.S. (1983 Cum.Supp.). We disagree.

The contractual provision in question provides that USDS shall indemnify Martin Marietta for all damages and liability aris-

ing out of trash collection services, except as caused by the negligent acts of agents or employees of Martin Marietta. Here, on remand, Martin Marietta will be found liable, if at all, on the theory of negligent acts of its employees. Thus, the indemnity provision in the contract is inapplicable.

### III

Finally, in its brief, USDS requests damages for frivolous and groundless appeal pursuant to C.A.R. 38. However, at oral argument, USDS indicated that they were no longer desirous of pursuing this claim. Accordingly, we decline to consider awarding such damages.

The trial court's award of summary judgment in favor of Martin Marietta on Brown's claim for negligently inflicted injuries is reversed and the cause is remanded for further proceedings. In all other respects, the judgment of the trial court is affirmed.

PIERCE and SMITH, JJ., concur.