VAN DIKE v AMF INCORPORATED

Docket No. 76886. Submitted May 16, 1985, at Detroit.—Decided July 5, 1985. Leave to appeal denied, 424 Mich —.

Plaintiff, Bart Van Dike, was seriously injured on a trampoline owned by Scott and Kathryn Rainey. Plaintiff thereafter brought an action in the Wayne Circuit Court seeking damages from the Raineys, who settled before trial; AMF Incorporated, the manufacturer of the trampoline; Midwest Trampoline Sales Company, the distributor; and McCoy, Inc., which sold the trampoline to the Raineys. Plaintiff advanced a number of theories of liability, including negligence and products liability claims. The trial court, Richard C. Kaufman, J., granted a directed verdict to defendants on various portions of plaintiff's case, and the remaining theories were submitted to a jury. The jury returned a verdict of no cause of action on the remaining issues. Plaintiff appeals from the order granting the directed verdict to defendants and from the judgment on the jury's verdict. *Held:*

1. The trial court did not err by directing a verdict for defendants on plaintiff's claim that the cautionary labels on the trampoline bed were defective and on the claim that the instructional and warning materials provided by the defendants were defective.

2. The trial court did not err by excluding evidence of statements of various organizations about the dangers of trampolining. The evidence was irrelevant and properly excluded.

3. The trial court did not err by refusing to grant plaintiff a mistrial in regard to certain material which was read to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Trial §§ 469 *et seq.*
Power of court sitting as trier of fact to dismiss at close of plaintiff's evidence, notwithstanding plaintiff has made a prima facie case. 55 ALR3d 272.
[3] Am Jur 2d, Expert and Opinion Evidence §§ 2, 3
[4] Am Jur 2d, Federal Rules of Evidence §§ 429 *et seq.*
[5] Am Jur 2d, Federal Rules of Evidence §§ 66 *et seq.*
[6] Am Jur 2d, Trial §§ 1072 *et seq.*

jury. Plaintiff was given a chance to raise objections to the material before it was read, but failed to do so.

4. It was not error for the trial judge to submit a suggested directed verdict analysis to the parties. Plaintiff has not shown that he was prejudiced by this procedure or that it deprived him of a fair trial.

Affirmed.

1. MOTIONS AND ORDERS — DIRECTED VERDICTS.

A defendant is entitled to a directed verdict where a plaintiff has failed to establish a prima facie case; the trial court, when considering a defendant's motion for a directed verdict, should view the evidence and all legitimate inferences therefrom in the light most favorable to the plaintiff.

2. PRODUCTS LIABILITY — DIRECTED VERDICTS.

The plaintiff must produce some evidence that the defendant supplied a product which was defective and that the defect caused his injury in order to avoid a directed verdict in a products liability case.

3. EVIDENCE — LAY WITNESSES.

The decision to admit or exclude a lay witness's testimony rests within the sound discretion of the trial court.

4. EVIDENCE — LAY WITNESSES — OPINION TESTIMONY — RULES OF EVIDENCE.

A lay witness's opinion testimony is limited to opinions or inferences which are rationally based on the witness's perceptions and helpful to a clear understanding of his testimony or the determination of a fact in issue (MRE 701).

5. EVIDENCE — RELEVANCE — RULES OF EVIDENCE.

Irrelevant evidence is properly excluded (MRE 401, 402).

6. APPEAL — MISTRIALS.

The Court of Appeals will not reverse a trial court's ruling on a motion for a mistrial absent an abuse of discretion (GCR 1963, 527; MCR 2.611).

*Williams, Schaefer, Ruby & Williams, P.C.* (by *Steven M. Kaplan* and *Susan F. Stadtfeld*), for Bart Van Dike.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dane A. Lupo, Paul S. Koczkur* and *Paul J. Widzinski*),

for AMF Incorporated and Midwest Sales Company.

*Buchanan & Buchanan, P.C.* (by *Dean M. Buchanan* and *T. Joseph Seward),* for McCoy, Inc.

Before: BEASLEY, P.J., and GRIBBS and R. R. LAMB,* JJ.

PER CURIAM. Plaintiff, Bart Van Dike, was seriously injured when he unsuccessfully attempted to perform a double back somersault on a trampoline owned by Scott and Kathryn Rainey. The accident occurred at a party in the Raineys' backyard. Plaintiff sued the Raineys; AMF Incorporated, the manufacturer of the trampoline; Midwest Trampoline Sales Company, the distributor; and McCoy, Inc., which sold the trampoline to the Raineys. Plaintiff's claims against the Raineys were settled before trial for $70,000.

Plaintiff advanced a number of theories of liability, including negligence and products liability claims. The trial court granted a directed verdict to defendants on various portions of plaintiff's case, and the remaining theories were submitted to a jury. A verdict of no cause of action was returned, and plaintiff appeals as of right.

On appeal, plaintiff has raised five issues for our consideration. First, he argues that the trial court erred by directing a verdict for defendants on plaintiff's claim that the cautionary labels on the trampoline bed were defective.

A defendant is entitled to a directed verdict where a plaintiff has failed to establish a prima facie case.[1] When considering a defendant's motion

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Young v E W Bliss Co,* 130 Mich App 363, 369; 343 NW2d 553 (1983); *Blanchard v Monical Machinery Co,* 84 Mich App 279, 282; 269 NW2d 564 (1978).

for directed verdict, the trial court should view the evidence and all legitimate inferences therefrom in the light most favorable to the plaintiff.[2] In order to avoid a directed verdict in a products liability case, the plaintiff must produce some evidence that the defendant supplied a product which was defective and that the defect caused his injury.[3]

A label containing the following language was attached to the bed of the trampoline upon which plaintiff was injured:

"CAUTION
"Misuse and abuse of this trampoline is dangerous and can cause serious injuries.
"Read instructions before using this trampoline.
"Inspect before using and replace any worn, defective or missing parts.
"Any activity involving motion or height creates the possibility of accidental injuries. This unit is intended for use only by properly trained and qualified participants under supervised conditions. Use without proper supervision could be dangerous and should not be undertaken or permitted."

However, plaintiff maintained that a label containing the following text should have been placed on the trampoline instead of the label that was used:

"WARNING - CRIPPLING INJURIES CAN OCCUR DURING SOMERSAULTS. Somersaulting should never be attempted without an overhead safety harness operated by a trained instructor. Refer to instruction manual. Almost all the benefits and enjoyment of the Trampoline can be obtained by learning the non-somersault-

---

[2] *Ransford v Detroit Edison Co,* 124 Mich App 537, 542; 335 NW2d 211 (1983).

[3] *Central Soya Co, Inc v Rose,* 135 Mich App 180, 183; 352 NW2d 727 (1984).

ing, twisting skills and routines provided in the manual furnished with this Trampoline.

"Any activity involving motion or height creates the possibility of accidental injury. This equipment is intended for use ONLY by properly trained and qualified participants under supervised conditions. Use without proper supervision could be DANGEROUS and should NOT be undertaken or permitted. Before using, KNOW YOUR OWN LIMITATIONS and the limitations of this equipment. If in doubt, always consult your instructor.

"Always inspect for loose fittings or damage and test stability before each use."

At trial, plaintiff testified that he had not seen the "caution" label on the trampoline but, if he had, he still would have got on the trampoline. He then attempted to testify that he would have seen the "warning" label if that had been placed on the trampoline instead of the "caution" label. Defense counsel objected to this testimony, and a separate record was made out of the jury's presence. At that time, the following exchange took place:

"*THE COURT:* I thought you just indicated that, prior to getting on the trampoline to do your double back somersault, you didn't see any label. Is that correct or not correct?

"*THE WITNESS: [Plaintiff]* That is correct.

"*THE COURT:* At this time, you seem to be saying that, if the label that has 'WARNING' on it was on there instead of the one that has 'CAUTION' written on it, it is your opinion you would have seen it.

"*THE WITNESS:* Yes.

"*THE COURT:* Why do you think you would have seen the one that says 'WARNING' on it and not seen the one that says 'CAUTION' on it, particularly in light of the fact that 'CAUTION' is about twice, if not more times, bigger than the word 'WARNING'?

"*THE WITNESS:* Well, possibly subconsciously I may even have seen the 'CAUTION' one, but the 'WARN-ING' one, when you see something like that, it grabs

your attention. You see it, and it registers, and you look at it. The other one, I didn't even know that one meant for a user or anything. It could have meant for shipping purposes or anything. I know I didn't see it."

The trial court ruled:

"In any event, I do think there have to be enough reasons why he didn't see the caution label for the court, which is me, to rationally conclude in an opinion that the reason he would have seen a warning label is reasonably based.

"Based upon his testimony of where he got on, where he was standing, where his toes were facing, and given his height, that when he was standing, he was over five feet from the label, and from the fact that the 'CAUTION' is about two times as big and is set off in different contrasting colors than the word 'WARNING' is on the alternative design label of the plaintiff's expert, I just, frankly, don't see enough reasons to conclude his opinion as to 28-I [plaintiff's 'Warning' label exhibit] is rationally based. I am not going to allow the opinion."

Consequently, the testimony was excluded, and the trial court directed a verdict for defendants on the claim that the labels on the trampoline were defective because plaintiff had produced no evidence that the alleged defect proximately caused his injury.

The decision to admit or exclude a lay witness's testimony rests within the sound discretion of the trial court.[4] A lay witness's opinion testimony is limited to opinions or inferences which are rationally based on the witness's perceptions and helpful to a clear understanding of his testimony or the determination of a fact in issue.[5] We conclude, as

[4] See *Heath v Alma Plastics Co*, 121 Mich App 137; 328 NW2d 598 (1982).

[5] MRE 701.

the trial court did, that the testimony plaintiff sought to introduce was not rationally based on his perceptions. Since plaintiff produced no other evidence to show that the content of the label on the trampoline was a proximate cause of his injury, the directed verdict was proper.

Next, plaintiff argues that the trial court erred by directing a verdict for defendants on plaintiff's claim that the instructional and warning material provided by defendants were defective. A packet of informational materials concerning use of the trampoline was supplied to the Raineys. It included a safety manual, a warning placard to be posted near the trampoline, and a "fact sheet" discussing safety and detailing accidents that have occurred on trampolines. Plaintiff's expert testified that the material provided was defective because it was written for institutional instructors, rather than for recreational users, and did not adequately specify the dangers inherent in the use of trampolines in backyard settings without knowledgeable supervision.

The trial court directed a verdict for defendants, on the claim that the information packet was defective, because plaintiff had produced no evidence of a causal link between the content of the information packet furnished to the Raineys and plaintiff's injuries. In fact, Rainey and others testified that plaintiff was told to get off the trampoline because of the danger involved. Because plaintiff failed to produce any evidence that he would have taken additional precautions to avert the injury had different materials been supplied to the Raineys, there was no evidence to support a finding of proximate cause and the directed verdict for defendants was proper.[6]

---

[6] See *Falkner v John E Fetzer, Inc,* 113 Mich App 500, 503; 317 NW2d 337 (1982), *lv den* 417 Mich 851 (1982).

We also find unpersuasive plaintiff's argument that defendants had a duty to inform the user directly of the dangers inherent in trampolining because, as noted above, there were cautionary labels on the trampoline and plaintiff did not see them.

Plaintiff's next argument, that the trial court erred by excluding statements of various organizations about the dangers of trampolining, must be rejected. Plaintiff contends that the evidence was not hearsay because it was offered to show that defendants had notice of the dangers of trampoline use. Nonetheless, notice was not an issue in this case because defendants' witnesses testified that they were aware that serious injuries could result from trampoline use. Thus, the evidence was irrelevant and properly excluded by the trial court.[7]

Fourth, plaintiff argues that the trial court erred by denying his motion for a mistrial because the complaint, read by defense counsel, referred to "Defendants Rainey". Plaintiff's counsel reasoned that this reference let the jury know that the Raineys were once defendants, thus leading them to infer that the Raineys had settled with plaintiff. However, the trail court ruled:

"I don't think striking the word 'Defendants' would have changed the meaning one iota from that, and I don't think there would have been any problem striking the word 'Defendants'. *That is strictly the reason I wanted defense counsel to show plaintiff's counsel exactly what he intended to read and to hear objections other than the one I ruled upon*—for example, that it is not a statement of fact, but a conclusion of law; that he is reading too little; that he is reading too much. *Those are all the things I wanted to be taken care of, and I do think it was error, and we would have struck it; but I think it has been waived by what has occurred.*

[7] MRE 401 and 402.

"I will deny the motion for mistrial." (Emphasis added.)

We do not reverse a trial court's ruling on a motion for a mistrial absent an abuse of discretion.[8] The trial court did not err by refusing to grant a mistrial in these circumstances, where plaintiff was given a chance to raise objections to the material before it was read, but failed to do so.

Last, we consider plaintiff's fifth argument, raised by his supplemental brief. Plaintiff contends that it was error for the trial judge to submit a suggested directed verdict analysis to the parties. In response to plaintiff's motion for a mistrial on that ground, the trial judge noted:

"Let me indicate that, during this whole trial, the court has been prompted to do a number of things that it felt necessary in order for the court to do its job—things like asking for a pleading that laid out all the theories, so the court can understand what the case is about; the court preparing this two-page document, because it was clear to the court from the many motions *in limine,* the motions for summary judgment, that a motion for directed verdict would be made, not only based on what was filed, but by direct statements of the defendants; and that, primarily, if not totally, because the plaintiff was unable to articulate and to focus to the court what their case was about, and it was very, very difficult for the court to try to understand what each legal theory was, so that it could intelligently listen to the evidence to determine whether there was a prima facie case made on any or all of those elements, the court, in this particular case, found it absolutely necessary to do certain things. One of those was to prepare the two-page document, so that the lengthy and complicated arguments that the court knew were going to follow on the motions for directed verdict could be intelligible to the court and could

---

[8] See GCR 1963, 527, now MCR 2.611.

proceed in some efficient manner. If the court doesn't have a right to do that, the appellate courts will let me know.

"However, in a products-liability case—especially one like this, that has many, many complicated issues, fifteen or more motions *in limine* I had to rule upon; many, many hearings outside the presence of the jury, where the court had to make difficult decisions on complicated areas of the law—this job would be impossible if the court did not do certain things. I found the things I have done in this case, including preparation of this two-page document, absolutely necessary for me to make any attempt at performing my function as the trial judge in this products-liability case.

"For that reason, I will deny the motion for a mistrial."

Plaintiff's suggestion that defendants might have forgotten to make directed verdict motions without this "help" from the trial court is not supported by the record. The trial of this case was long and complex, and the judge sought to simplify and clarify the issues to expedite argument on the motions. Plaintiff has not shown that he was prejudiced by this procedure or that it deprived him of a fair trial. Nor has he cited any authority in support of his argument. Consequently, we reject his contention that the trial judge's action was error.

Affirmed.