*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

## STATE OF MICHIGAN

## COURT OF APPEALS

NICHOLAS NOBLE,

      Plaintiff-Appellant,

v

FAMILY AND FRIENDS FUNLAND, LLC,

      Defendant-Appellee.

UNPUBLISHED
April 29, 2026
8:55 AM

No. 373652
Monroe Circuit Court
LC No. 2023-146712-NO

Before: GARRETT, P.J., and MURRAY and ACKERMAN, JJ.

MURRAY, J. (*dissenting*).

Family and Friends Funland is a business that provides indoor activities for children and only charges a fee for children to enter. One available activity is to bounce inside a Scooby-Doo bounce house. The Scooby-Doo bounce house contained a warning on its side, informing users before entering that performing flips was prohibited. Despite this, 29-year-old Nicholas Noble, our plaintiff, entered the Scooby-Doo bounce house with his friend's minor daughter. Once inside, the minor encouraged plaintiff to do a back flip, and because plaintiff considered himself skilled at performing back flips, he did so, knowing but not caring about the risks inherent in the attempt. Plaintiff successfully completed the back flip, and upon further encouragement, attempted a second one. This time plaintiff only made it half-way and injured himself. The trial court granted defendant summary disposition on several grounds. I would affirm the trial court's order because there was no genuine issue of material fact as to whether defendant was a proximate cause of plaintiff's injuries.

To prove causation, a plaintiff "must demonstrate that 'but for' the defendant's negligence, the plaintiff's injury would not have occurred." *Nathan v David Leader Mgt, Inc*, 342 Mich App 507, 522; 995 NW2d 567 (2022) (quotation marks and citation omitted). "Proof of proximate cause requires establishing two elements: (1) cause in fact and (2) legal cause or proximate cause." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 157; 871 NW2d 530 (2015). "Cause in fact requires that the harmful result would not have come about but for the defendant's . . . conduct." *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). "A plaintiff must adequately establish cause in fact in order for legal cause or 'proximate cause' to become a relevant issue." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). "Once a plaintiff produces

the factual support establishing a logical sequence of cause and effect, the plaintiff must also come forward with evidence supporting that the actual cause was proximate, meaning that it created a foreseeable risk of the injury the plaintiff suffered." *Nathan*, 342 Mich App at 522 (quotation marks and citation omitted).

"Proximate cause is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred." *Auto-Owners Ins Co*, 310 Mich App at 157 (quotation marks and citation omitted). "[C]ausation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying defendant's motion for summary judgment." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011) (quotation marks and citation omitted).

The material facts surrounding this issue are undisputed. Plaintiff was a 29-year-old adult who had experience doing back flips on trampolines. He admitted he felt no need for supervision, given his prior experience in performing back flips,[1] and that he fully appreciated the risks inherent in attempting a back flip in the bounce house.[2] But, because plaintiff used to be an athlete, he was admittedly "not scared of" those risks. It is also undisputed that there was a warning sign located just beside the entrance to the bounce house, warning against performing any flips in the bounce house, or in even entering the bounce house when no employee was present.[3]

Given plaintiff's admission that he needed no supervision and was not concerned about the inherent risks in performing back flips, his undisputed experience performing back flips, the fact he successfully performed the first back flip, and the undisputed warning at the entrance to the bounce house warning against performing flips, no reasonable juror could conclude that but for the addition of *more* safeguards—in particular, the addition of a staff person to *verbally* warn plaintiff of these dangers/prohibition—plaintiff's accident would not have occurred. For, despite all the aforementioned evidence, plaintiff proceeded to perform a second back flip, knowing the risks involved.[4]

---

[1] Plaintiff grew up learning how to do flips on trampolines in his father's gym.

[2] Plaintiff's awareness of the risks involved when performing a back flip is consistent with a long line of caselaw holding that individuals who engage in recreational activity are presumed aware of the risks inherent to that activity. See *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 87; 597 NW2d 517 (1999) ("When people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that activity. When one of those risks results in injury, the participant has no ground for complaint."); *Higgins v Pfeiffer*, 215 Mich App 423, 426; 546 NW2d 645 (1996).

[3] As one employee testified, the supervisory responsibility they had was geared towards ensuring the safety of the children within the business, not the adults with the children.

[4] Plaintiff's post-deposition affidavit that he would not have attempted the second back flip had an employee told him not to does not create a factual dispute, as a party may not create an issue of fact by submitting an affidavit that contradicts the party's prior deposition testimony. *Palazzola v Karmazin Prod Corp*, 223 Mich App 141, 155; 565 NW2d 868 (1997). In his deposition plaintiff

We addressed the issue of proximate cause in a product liability and negligence case involving an injury on a trampoline in *Van Dike v AMF, Inc*, 146 Mich App 176; 379 NW2d 412 (1985). In a somewhat cursory opinion, this Court upheld the trial court's grant of a directed verdict on the plaintiff's claim that the warnings on the trampoline were not sufficient, holding that the plaintiff did not produce evidence of a duty or proximate causation because he testified that he was aware of the inherent dangers and did not see the warning label:

> The trial court directed a verdict for defendants, on the claim that the information packet was defective, because plaintiff had produced no evidence of a causual [sic] link between the content of the information packet furnished to the Raineys and plaintiff's injuries. In fact, Rainey and others testified that plaintiff was told to get off the trampoline because of the danger involved. Because plaintiff failed to produce any evidence that he would have taken additional precautions to avert the injury had different materials been supplied to the Raineys, there was no evidence to support a finding of proximate cause and the directed verdict for defendants was proper.
>
> We also find unpersuasive plaintiff's argument that defendants had a duty to inform the user directly of the dangers inherent in trampolining because, as noted above, there were cautionary labels on the trampoline and plaintiff did not see them. [*Van Dike*, 146 Mich App at 182-183.][5]

Cases from other jurisdictions involving injuries from performing flips on trampolines despite warnings have likewise held on summary judgment that proximate cause is lacking. For example, in *Crosswhite v Jumpking, Inc*, 411 F Supp 2d 1228, 1235-1236 (D Or, 2006), the court granted summary judgment on proximate cause, holding:

> Plaintiff fails to present any evidence to demonstrate a material issue of fact that the lack of different or additional warnings on the trampoline caused his injuries. There is no dispute that plaintiff had jumped on at least five different trampolines over the course of six or seven years prior to his accident. Plaintiff

---

clearly testified that he did *not* need any supervision while in the bounce house. His subsequent affidavit that he would have altered course if he *had* been supervised is inconsistent with his prior testimony, particularly when he testified that he was aware of the risks involved.

[5] See also *Cavins v BAT Commercial, Inc*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2024 (Docket No. 363424), p 7 (trial court should have granted defendant summary disposition because the plaintiff's "injury arose from his attempt to execute an advanced maneuver involving an aerial jump, and because signage in the Distortion section where he was jumping warned of the increased risk of injury from advanced maneuvers, including those involving aerial skills, and that such maneuvers should not be attempted before mastering single trampoline jumping, there is no genuine issue of material fact whether the alleged signage violation was a proximate cause of [the plaintiff's] injury").

states that he never saw any warning on any trampoline, including the trampoline at issue.

Defendant presented evidence that it provided ten warnings on its trampoline. Most of these warnings cautioned potential jumpers of the dangers associated with performing flips, and specifically mention the risk of paralysis that is involved with landing on one's head or neck. Defendant provided other warnings to inform potential users that they can reduce the chance of landing on their head and neck by not performing somersaults or flips. Plaintiff has failed to produce any evidence to support his allegation that his injuries were caused by the lack of additional warnings. Plaintiff seemingly ignored ten warnings posted by the defendant on the trampoline, most of which cautioned users against the precise activity in which plaintiff engaged and warning against the possibility of the precise type of injury that resulted. The record contains no evidence that the absence of yet another warning advising users against performing flips and jumping with multiple people on a trampoline was the "substantial cause" of his injury. [Citations omitted.]

Similarly, in *Anderson v Weslo, Inc*, 79 Wash App 829, 839-840; 906 P2d 336 (1995), the court of appeals upheld the grant of summary judgment because no reasonable juror could find that the lack of additional warnings caused the plaintiff's injuries:

Similarly, because Anderson was aware of the risks of injury, yet paid so little attention to the warnings that were given, it is unlikely that he would have changed his behavior in response to even more detailed warnings. Thus, Anderson has not established cause in fact.

But even if cause in fact presents a jury issue in this case, without the existence of legal causation, proximate cause has not been established.

* * *

These cases demonstrate that determining the existence of legal causation is driven by policy considerations and common sense, which in turn stem from the particular facts of the case. Here, . . . detailed warnings were provided. Again, no matter how many warnings are given, or how detailed they are, it is simply impossible completely to prevent trampoline injuries. As one court has pointed out, providing more detailed warnings may very well reduce the chances they will be read, thereby increasing the risk of injury.

*Burchinal v Gregory*, 41 Colo App 490, 492; 586 P2d 1012 (1978), came to the same conclusion:

Under the facts here, defendants had no duty to warn John of dangers he already understood and appreciated. Where the potential for danger is readily apparent, a warning of the obvious is not necessary.

Likewise, defendants had no duty to instruct John since he had more expertise on the use of the trampoline than the defendants and the other two boys. The cause of the injury was not the acts or omissions of defendants, but John's own actions. There was nothing the defendants could have said or done which would have made John more capable of avoiding the obvious risk. Where there is no duty, there can be no negligence. Therefore, no liability can attach to defendants for failure to instruct.

Also, defendants' failure to supervise was not a proximate cause of the accident. John admitted that spotters persons stationed near the trampoline to aid jumpers who are about to fall off the trampoline could not have helped him complete the flip he attempted, and, therefore, could not have prevented his injuries. Under these circumstances, the failure to supervise did not create liability. [Citations omitted.]

As the *Burchinal* Court recognized, its decision on proximate cause was consistent with the assumption of risk principles announced in *Nabkey v Jack Loeks Enterprises, Inc*, 376 Mich 397, 400; 137 NW2d 132 (1965):

Plaintiff contends that defendant should have provided an instructor or attendant but she fails to explain how an instructor or attendant could have prevented the incident. Plaintiff fully understood the nature of the device. She observed others using it. There was nothing an instructor could have said or done which was not readily apparent to her or which, under the circumstances, was not under her own sole control. No instructor could remove the danger of becoming unbalanced. The trampoline was in good operating condition. It did exactly what it purported to do.

See also *Liesener v Weslo, Inc*, 775 F Supp 857, 860 (D Ma, 1991) ("Although no Maryland case has addressed the obviousness of paralyzing injury from trampolines, the few cases in other jurisdictions that have done so have involved persons who subjectively appreciated the risks, which, the courts said, need not thus have been warned against. These cases, therefore, can be said to involve either assumption of the risk or lack of proximate cause, and they are fact-specific.").

The same holds true here. No *reasonable*[6] juror could conclude on these facts that plaintiff's injuries were proximately caused by defendant's failure to *verbally* warn plaintiff of the prohibition of attempting flips in the bounce house, or the dangers in doing so. Plaintiff admitted he was aware of these risks, was not scared of them, did not need supervision, and proceeded anyway to perform not one, but two flips. To say that, but for defendant not providing direct supervision of plaintiff while he was in the bounce house, he would have altered course (especially after successfully performing the first one) is both speculative and inconsistent with his prior

---

[6] To this point, plaintiff testified that after suffering the injury his friend asked plaintiff why he was even attempting to do a back flip at his age.

testimony.  No reasonable juror could conclude that defendant was a proximate cause of plaintiff's injuries.  I would affirm.

/s/ Christopher M. Murray