No. 14,757.

QUINTANA *v.* THE PEOPLE.
(102 P. [2d] 486)

Decided April 29, 1940.

Mr. Carl W. Berueffy, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Gerald E. McAuliffe, Assistant, for the people.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

By information it was charged that Tony J. Quintana, plaintiff in error, and one Fred Pedilla, on June 11, 1939, "while under the influence of intoxicating liquor, did then and there unlawfully and feloniously cause the death of one, Ruth Merle Dobson, by operating and driving, an automobile in a reckless, negligent and careless manner, and with a wanton and reckless disregard of human life and safety." The information was based upon section 39, chapter 48, '35 C.S.A., the pertinent part of which provides: "Any person while under the influence of intoxicating liquor or of any exhilarating or stupefying drug, who causes the death of another by operating or driving any automobile * * * in a reckless, negligent, or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony * * *."

A jury trial resulted in conviction of both defendants. Quintana only, is here seeking reversal of the judgment

under which he was sentenced to the penitentiary. We elect to dispose of this case on application for supersedeas. The evidence is not in dispute; none was offered by defendants.

We briefly state the facts: The two defendants, under the influence of intoxicating liquor, were in a Ford automobile, which was being driven on the wrong side of the highway near the town of Broomfield, Colorado; that while being so driven it collided with an automobile driven by one Lewis on the right side of the highway, resulting in the death of Ruth Merle Dobson, who was riding in the car with Lewis. About one hour after the accident Quintana was found some distance west of the scene thereof, staggering along the highway, his face and shirt covered with blood, and on his breath was the odor of intoxicating liquor. Pedilla, about an hour later, was found walking east of the place of accident, his face badly cut, blood running down the front of his body, and the condition of his clothing indicating that he had been bleeding profusely; a strong odor of intoxicating liquor was emanating from his person, and he fainted before reaching the hospital. Following the accident the sheriff found in the Ford car a half-gallon jug labeled "Wine," an ownership card of the Ford in the name of John Pedilla, of Denver, father of the defendant Fred Pedilla, and a driver's license belonging to the son. Several days subsequent to the accident the sheriff questioned both defendants at length. Both admitted being in a very intoxicated condition on the day of the accident; they apparently did not know much about what had actually taken place; and each made the statement that the other was driving the Ford car. Other than these statements to the sheriff there is no evidence as to who the driver was, nor was there any identification of the defendants by anyone as the persons who were in the car before or after the accident.

In our view of the case, the only assignment of error requiring our attention is based upon the overruling of

defendant's motion to dismiss the case, and for a directed verdict finding him not guilty, made at the close of the evidence for the prosecution. This challenges the sufficiency of the evidence as well as the law applicable to the facts. The theory of the prosecution, maintained throughout the trial and urged here, is expressed in the people's brief thus:

"All circumstances point to these two men as the only occupants at that time. A tragic accident was caused and the life of Ruth Dobson was destroyed as a consequence of the reckless operation of the car occupied by Quintana and Padilla. '

"Therefore, it follows logically that either Quintana or Padilla was the principal, the other, the accessory. Which was the principal and which the accessory is not material, for the actual driver had to be one or the other and each was in an intoxicated condition. Under section 13 [chapter 48, C.S.A. '35], there is no distinction between principal and accessory, because under that statute both are equally guilty and both merit the same punishment. The evidence was sufficient to justify the jury in concluding that either Quintana or Padilla was the driver."

■■ To support this theory, and permit, under the facts before us, a speculation as to who was the principal and who the accessory, without any definite evidence upon which to base the speculation would be contrary to all legal principles, and no authorities are cited which support such a procedure. It is clear that both defendants could not be principals; one or the other must have been an accessory, if it be assumed that both were occupying the car at the time of this tragic occurrence. This matter cannot be left to surmise and conjecture. *State v. Williams*, 141 Wash. 165, 251 Pac. 126; *People v. Kelley* (Cal.), 70 P. (2d) 276. In *Mulligan v. People*, 68 Colo. 17, 26, 189 Pac. 5, we said: "While the accessory may under the statute be tried and convicted, independent of the conviction of the principal, yet be-

fore the conviction of the accessory may be permitted, the jury must find that the principal was guilty of the crime, and this must be determined under the rule of reasonable doubt." See, also, 16 C.J., p. 146, §160. Possibly there was sufficient evidence as to Pedilla, in view of the fact that it was his father's car and that his driver's license was found therein, together with all the other circumstances, to constitute him the principal. This issue, however, is not before us, and we do not decide it; but as between the two defendants, as to who was in control of the car, the preponderance of the evidence would indicate that Pedilla was the driver. There is no competent evidence in the record which would establish the status of Quintana as the principal. Pedilla's statement to the sheriff, that Quintana was driving the car, is not conclusive against latter, he not having assented to that statement. The trial court correctly held that it was material to show only that both were present in the car at the time of the accident.

■ Is there any evidence from which the jury could properly have found Quintana to be an accessory to the crime charged? Section 13, chapter 48, '35 C.S.A., defining an accessory, provides as follows: "An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly. An accessory during the fact is a person who stands by, without interfering or giving such help as may be in his or her power to prevent a criminal offense from being committed; provided, that an accessory during the fact shall be a competent witness unless disqualified from other causes." The only evidence supporting the charge that Quintana was an accessory is that he was in the Ford car, and was under the influence of intoxicating liquor, at the time of the accident. No other circumstance or statement appears

in the record which would indicate that he gave any encouragement, by word or act, to the commission of the offense charged. There may be sufficient evidence to establish that he was an accessory during the fact, as defined in section 13, supra. In *Stewart v. People,* 83 Colo. 289, 264 Pac. 720, we held that such an accessory cannot be considered as a principal and punished as such; that the penalty being different, it was a distinct offense. There is some obiter dicta in *Pacheco v. People,* 96 Colo. 401, 406, 43 P. (2d) 165, to the contrary, but there the defendant clearly was an accessory before the fact. If the charge were merely the driving of an automobile while under the influence of intoxicating liquor, it may possibly be that Quintana could be held as an accessory before the fact. Even in such a situation, however, it was held in *State v. Williams, supra,* and in *People v. Kelley, supra,* that in order to convict it was necessary to show that the principal actually was driving the car. The record discloses that the trial court considered the issues raised as being close. In the instant case we have the additional material element of the offense, necessary to be established to convict, that the defendant "so driving such automobile operated or drove it in a reckless, negligent or careless manner, or with a wanton and reckless disregard of human life and safety." By the widest stretch of the imagination, it cannot be successfully contended, from the evidence, that Quintana in any way aided and abetted in that regard.

We conclude that the verdict finding Quintana guilty is not supported by the law or the evidence, and that the court erred in overruling the motion for a directed verdict. The judgment is reversed and the case remanded.

MR. JUSTICE FRANCIS E. BOUCK dissents.