596 P.2d 1226 (1979)
APPLEWOOD GARDENS HOMEOWNERS' ASSOCIATION, INC., a Colorado Corporation, John Michael Carroll and Mrs. Robert J. Wildman, Plaintiffs-Appellants,
v.
Dwaine R. RICHTER, the City Council of the City of Wheat Ridge, Colorado, and the City of Wheat Ridge, Colorado, Defendants-Appellees.
No. 79CA0050.
Colorado Court of Appeals, Div. I.
June 7, 1979.
*1227 Sonheim & Helm, Robert H. Sonheim, Arvada, for plaintiffs-appellants.
Robert Lee Kessler, Denver, for defendant-appellee Dwaine R. Richter.
Lambert & Owens, Charles W. Owens, Lakewood, for defendants-appellees City Council of the City of Wheat Ridge, Colorado and The City of Wheat Ridge, Colorado.
STERNBERG, Judge.
Defendant Richter's application for approval of a final development plan for a tract of real estate in Wheat Ridge was granted by the defendant city council pursuant to the city's Planned Commercial Development ordinance. Plaintiffs, owners of homes in the area, filed a timely C.R.C.P. 106 action seeking to have the approval voided, alleging the city council acted arbitrarily and capriciously and did not follow the procedure set forth in the ordinance governing applications. The court declared the action to be void because the council had not held a hearing on the preliminary development plan, as required by the ordinance. The defendants accept that judgment and do not appeal. Plaintiffs, however, despite having won their case, do appeal.
Plaintiffs' primary assertion is that certain language in the order of the court commenting on the general powers of the city council to exercise its discretion in zoning matters will be highly prejudicial to them when this matter is again heard by the city council. The district court stated that "there is evidence to sustain the Council's action and . . . the action of the Council was not arbitrary and capricious." After declaring the action of the council void because of failure to follow its own procedural ordinance, the court also said:
"The Court makes this ruling with reluctance. The Court is strongly of the opinion that the question of how particular property should be zoned is a question to be determined by the City Council and not by the Courts."
This statement finds support in many Colorado cases. See, e. g., Baum v. Denver, 147 Colo. 104, 363 P.2d 688 (1961). Furthermore, the statements are obiter dicta, determinative of nothing, and are not binding. If defendant Richter again seeks approval *1228 of a development plan before the city council, plaintiffs may assert their objections thereto before that body, and may again have judicial review if the application is approved.
In their brief plaintiffs also attack an ordinance adopted in 1975 allowing planned commercial developments to proceed by "outline development plan"but concede that this issue is not before us. They refer to restrictive covenants on part of the property which were upheld in another district court action, but that issue likewise is not before us. In fact, we can detect no justiciable issue in plaintiffs' contentions.
We view this as a frivolous appeal, the result of which is to waste the time of counsel and of this court. Consequently, pursuant to C.A.R. 38, we award appellees damages of $200 and double costs to be paid by appellants. See In Re Marriage of Trask, Colo.App., 580 P.2d 825 (1978); In Re Estate of Perini, 34 Colo.App. 201, 526 P.2d 313 (1974).
Judgment affirmed.
COYTE and VanCISE, JJ., concur.