## HETTERLE v CHIDO

Docket No. 85478. Submitted June 25, 1986, at Detroit. Decided
October 21, 1986.

Gary A. Hetterle filed suit against Christopher Chido in Macomb
Circuit Court alleging that Chido, while riding as a passenger
in a car, began hitting the driver on the head, causing the
driver to lose control of the vehicle. The vehicle crossed the
center line of the highway and struck Hetterle's oncoming
motorcycle, injuring Hetterle and killing his passenger. Het-
terle alleged that Chido had a duty not to interfere with the
automobile driver's operation of the vehicle, that Chido
breached that duty, and that, as a result, Hetterle suffered
injury. Chido moved for a more definite statement, contending
that plaintiff failed to plead the basis or origin of defendant's
duty to plaintiff. Plaintiff filed an amended complaint alleging
that defendant had a common-law duty to refrain from conduct
which would create an unreasonable risk of harm to others.
Defendant again moved for a more definite statement. The
court, Lawrence P. Zatkoff, J., following a hearing, granted
summary disposition in favor of defendant on the ground that
plaintiff had failed to state a claim upon which relief could be
granted. Plaintiff appealed.

The Court of Appeals *held*:

An automobile passenger has a duty to refrain from taking
action which is likely to so distract the driver of the automobile
as to present an unreasonable danger to the person or property
of others. The trial court erred by granting summary disposi-
tion in favor of the defendant since the pleadings filed by
plaintiff stated a cause of action upon which relief can be
granted.

Reversed and remanded for further proceedings.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 592, 603.

Am Jur 2d, Negligence §§ 1, 6-9, 32 *et seq.*

Am Jur 2d, Pleading §§ 71 *et seq.*

Interference by occupant with driver as factor in determinng liabil-
ity between driver and others. 4 ALR2d 147.

1. PLEADING — COMPLAINTS — COURT RULES.

A complaint, in addition to making a demand for judgment, need only set forth a statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims he is called upon to defend (MCR 2.115[A]).

2. NEGLIGENCE — ACTIONS.

The elements necessary to set forth a cognizable claim for negligence are (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damage.

3. NEGLIGENCE — LEGAL RELATIONSHIP BETWEEN PARTIES — DUTY.

Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law; the duty may arise specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care or to so govern his actions as not to unreasonably endanger the person or property of others.

4. NEGLIGENCE — DUTY — QUESTIONS OF FACT — QUESTIONS OF LAW.

The determination in a negligence action whether there existed a duty on the part of the defendant not to injure the plaintiff under the particular circumstances of the case requires an examination of the reasonableness of the risk created by the defendant's conduct and depends upon many considerations, including the magnitude of the harm and the likelihood and foreseeability of its occurrence, weighed against the utility of the defendant's conduct; where there might be a reasonable difference of opinion regarding how the balance of these considerations is to be resolved, the question is for the jury, but where all reasonable persons would agree or where there is overriding legislative or judicially declared public policy, the question is for the court to decide.

5. NEGLIGENCE — AUTOMOBILE PASSENGERS — DUTY.

An automobile passenger is under an obligation to refrain from taking action which is likely to so distract the driver of the automobile as to present an unreasonable danger to the person or property of others.

*Freedman, Krochmal & Colman, P.C.* (by *Walter H. Smith*), for plaintiff.

*Lawrence & Bershad* (by *David M. Budka*), for defendant.

Before: M. J. Kelly, P.J., and J. H. Gillis and J. R. Ernst,* JJ.

J. H. Gillis, J. Plaintiff appeals as of right from an order of the circuit court dated May 22, 1985, granting summary disposition in favor of the defendant on plaintiff's claims of negligence.

On October 31, 1984, plaintiff Gary Hetterle filed this action, seeking damages for injuries sustained in an accident which occurred on April 25, 1982. On that date, Hetterle and a passenger were riding on Hetterle's motorcycle when an automobile coming from the opposite direction crossed the center line of the road and struck the motorcycle. As a result of the collision, Hetterle's passenger was killed and Hetterle was injured.

In his complaint, plaintiff alleged that the accident was caused by the actions of a passenger in the automobile which struck his motorcycle. Specifically, plaintiff alleged that the defendant, Christopher Chido, while seated behind driver Gary Yeager, "began hitting Gary Yeager on the head causing Gary Yeager to turn his head around and causing Gary Yeager to cross the center line" and collide with his motorcycle. The complaint also contained the following allegations which are pertinent to the instant appeal:

That Defendant was under a duty to control his actions so as to allow the driver of an automobile to drive in a safe and careful manner and to obey

* Circuit judge, sitting on the Court of Appeals by assignment.

the statutes of the State of Michigan, as well as the ordinances of the City of Washington Township regarding the operation of automobiles within the city limits.

That notwithstanding the above-mentioned duties, the said Defendant did violate same by interfering with the driver, Gary Yeager's ability to drive in a safe and prudent manner by hitting him on the head while he was driving.

In lieu of an answer, defendant filed a motion for more definite statement pursuant to GCR 1963, 115.1, now MCR 2.115(A), contending that plaintiff failed to plead the basis or origin of defendant's duty to plaintiff. At the hearing, the trial court agreed that the complaint was not sufficiently definite regarding the allegations of duty and breach of duty and thus granted the motion.

Plaintiff filed an amended complaint on March 28, 1985, alleging that defendant was under a common-law duty "to refrain from conduct which would create an unreasonable risk of harm to others," that defendant breached this duty by causing the driver to divert his attention from the road, and that defendant knew or should have known that his actions created an unreasonable risk of harm to others on the roadway. In response, defendant again moved for a more definite statement, contending that the complaint contained the same vague allegations. At the hearing, defendant argued that he was under no duty to refrain from distracting Yeager since it was the duty of the driver to operate the vehicle in a safe manner. Plaintiff responded that the pleadings were sufficient to give notice of the claim and that defendant had a duty, as does every person, to conduct himself in a manner so as to avoid unreasonable risk of harm to others. After arguments, the trial court issued the following ruling:

Counsel, I have considered the matter twice. I do not believe that you have stated a cause for action recognizable under the laws of this state and I am therefore going to grant the motion. Anybody wishing to allege a new cause of action in my opinion has a burden of showing clearly that such a cause of action exists. I do not believe it does exist. If it does exist, it is going to take the decision of an appellate court or statute to convince me that it does. The appellate courts of this state may well say that you are correct but I think as a trial judge, I am obligated to rule on what I believe the laws to be at this time.

An order was entered on May 22, 1985, granting summary disposition pursuant to MCR 2.116(C)(8) in favor of the defendant, from which the plaintiff appeals.

We begin by noting the procedural irregularity which occurred below as a result of defendant's reliance on GCR 1963, 115.1 and its successor, MCR 2.115(A), to attack the plaintiff's complaint. Rule 2.115(A) allows a party to move for a more definite statement if the complaint is so vague or ambiguous that it fails to comply with the court rules. However, under MCR 2.111(B), in addition to a demand for judgment, a complaint need only set forth "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims" he is called upon to defend. After reviewing the complaint filed in this matter, we find it beyond dispute that the court rules were complied with. It is obvious from the objections contained in defendant's motion that his real challenge to the complaint was that it failed to state a claim upon which relief could be granted. MCR 2.116(C)(8). However, since it is also apparent that both parties and the trial court itself understood

the basis for defendant's motion and treated it as one for summary disposition, we will undertake the appropriate review.

The elements necessary to set forth a cognizable claim for negligence are (i) duty, (ii) general standard of care, (iii) specific standard of care, (iv) cause in fact, (v) legal or proximate cause, and (vi) damage. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). The element with which we are concerned here, that of "duty," has been defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another. Prosser & Keeton, The Law of Torts (5th ed), § 53, p 356; *Meyers v Robb,* 82 Mich App 549, 553; 267 NW2d 450 (1978). Whether the law will impose such an obligation depends upon the relationship between the actor and the injured person. *Moning, supra,* pp 438-439. As described in *Clark v Dalman,* 379 Mich 251; 150 NW2d 755 (1967):

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. The duty may arise specifically by mandate of statute, *or it may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others.* This rule of the common law arises out of the concept that every person is under the general duty to so act, or to use that which he controls, as not to injure another. *Pinnix v Toomey* (1955), 242 NC 358, 362 (87 SE2d 893). [379 Mich 260-261. Emphasis supplied.]

Further, the duty of care at issue may be specific,

owed by the defendant to a particular plaintiff, or it may be of a general nature owed by the defendant to the public as a whole. 379 Mich 261.

Determining whether there exists a duty under a particular set of circumstances requires an examination of the reasonableness of the risk created by the defendant's conduct. *Meyers, supra,* p 554. This in turn depends upon a panorama of considerations such as the magnitude of the harm, the likelihood and foreseeability of its occurrence, weighed against the utility of the defendant's conduct. Where there might be a reasonable difference of opinion regarding how the balance of these considerations is to be resolved, the question is for the jury. *Meyers,* p 554. However, where all reasonable persons would agree or where there is overriding legislative or judicially declared public policy, the question is for the court to decide. *Moning,* p 438.

In the instant case, the trial court was of the opinion that plaintiff was alleging a "new cause of action" which does not exist under Michigan law. While we might agree that the facts are unique,[1]

---

[1] Whether or not the issue presented in this case is unique, the circumstances which gave rise to the accident, i.e., a passenger's distraction of the driver, are by no means unconceivable. In *Kirby v Larson,* 400 Mich 585; 256 NW2d 400 (1977), Justice WILLIAMS considered whether a passenger could be found contributorily negligent for urging her driver to make a turn, during which an accident occurred. Justice WILLIAMS noted:

> The case at bar is not the typical "back seat driver" situation where the passenger clearly inferferes with the safe functioning of the automobile. It is a closer question than that, and originally, plaintiff might have been negligent if she had failed to warn the driver to complete her turn as she observed the other vehicle bearing down on them. Arguably, too, plaintiff's importunities had no effect on the driver, and she did what she was going to do in the first place anyway. But no one asked her that. [400 Mich 610. Emphasis supplied.]

It would appear, then, that even if a passenger has never before been

the cause of action is not at all "new." Rather, what is involved is no more than an application of the common law to the particular facts presented herein. The question, then, is whether, as a matter of law, an automobile passenger is under an obligation to refrain from taking action which is likely to so distract the driver of the automobile as to present an unreasonable danger to the person or property of others. In answer to the question, we have no difficulty finding that such a duty does indeed exist.

Defendant argues that there is great utility in allowing a passenger of a motor vehicle unfettered movement since the passenger's ability to communicate with the driver is enhanced. While communication is certainly valuable where it involves such matters as safety information, the driver's ability to maintain control of the vehicle is clearly of paramount importance. Furthermore, even if we were more sympathetic to the assessment defendant places on free movement, we cannot comprehend the utility of the particular movement which occurred here, i.e., the repeated striking of the driver's head.

Defendant also argues that the risk factor should be weighed in his favor since, despite the magnitude of potential harm, the relative probability of its occurrence is slight. Defendant argues that it is highly unlikely that any particular contact with the driver will overcome his ability to control the car, that he will then be unable to regain control, and that other drivers on the road will fail to avoid a collision.

Again, we strongly disagree. To begin, we are not concerned here with "any" contact between

---

held liable to an injured bystander for negligence arising from his act of distracting the driver of an automobile, such a cause of action has at least been contemplated as viable in Michigan.

passenger and driver, but rather with actions taken by a passenger which are so likely to distract the driver as to create an unreasonable risk to the public. It is this type of affirmative action, such as striking the driver, which carries a strong possibility of interfering with the operation of the car. Further, in light of the great speed with which automobiles are designed to travel on our roads, any loss of control, regardless of later ability to regain that control, presents an unreasonable risk to others. Finally, defendant's point that other drivers can frequently be expected to use defensive maneuvers to avoid a car which is out of control, even if not unrealistically optimistic, ignores the fact that pedestrians and bicyclists are also placed in the zone of danger created by a passenger's distraction of his driver. Therefore, in weighing the magnitude of the risk involved, the likelihood of its occurrence and the utility of the conduct involved, we conclude that reasonable persons would find a duty owed by defendant to the public in connection with his behavior as a passenger of an automobile. The trial court erred by granting summary disposition in favor of the defendant since the pleadings filed by plaintiff stated a cause of action upon which relief can be granted.

Reversed and remanded for proceedings not inconsistent with this opinion.