**COGSWELL & WEHRLE, a partnership, Plaintiff–Appellant,**

v.

**R. James NICHOLSON, Defendant–Appellee.**

**No. 88CA0342.**

Colorado Court of Appeals, Division C.

June 1, 1989.

Rehearing Denied June 29, 1989.

Hall & Evans, Robert S. Treece, Alan Epstein and Robin Lee Beattie, Denver, for plaintiff-appellant.

Morrato, Bieging, Burrus & Colantuno, P.C., I. Thomas Bieging and Stephen B. Shapiro, Englewood, for defendant-appellee.

STERNBERG, Judge.

Asserting that a valid and binding arbitration agreement had been entered into, the plaintiff, Cogswell & Wehrle, a partnership, appeals the trial court's order refusing to compel the defendant, R. James Nicholson, to arbitrate disputes between the parties arising from a bank failure. We affirm.

During negotiations concerning the arbitration of the disputes, a written agreement was prepared which provided in pertinent part:

"This agreement to arbitrate will commence from the date that all signatures of the parties hereto are affixed and will remain in full force and effect until finally decided in accordance with C.R.S. 13-22-201."

Nicholson, however, refused to sign the agreement or to arbitrate unless certain provisions were added. Plaintiff did not agree to the additional terms; instead, it filed a claim under the Uniform Arbitration Act of 1975, § 13-22-201, et seq., C.R.S. (1987 Repl.Vol. 6A), to compel Nicholson to arbitrate in accordance with the agreement.

The trial court found on supporting evidence that counsel for plaintiff and counsel for defendant misunderstood one another and that, therefore, no agreement had been reached. The court also held that, under the facts present here, § 13-22-203, C.R.S. (1987 Repl.Vol. 6A) required a written arbitration agreement. This appeal followed.

## I.

■ Plaintiff contends that the trial court erred in finding that the parties did not enter into a binding agreement to arbitrate. We disagree.

The Uniform Arbitration Act sets forth the statutory scheme for dispute resolution by arbitration. Section 13-22-203, C.R.S. (1987 Repl.Vol. 6A) acknowledges that the enforceability of arbitration agreements is controlled by generally accepted principles of contract law.

The question of the existence of a contract is one of fact, and since the trial court's ruling here had an ample evidentiary basis, its resolution of such issue is binding on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

■ At oral argument defendant requested an award of double costs and attorney fees pursuant to C.A.R. 38(d). Plaintiff replied to this request by continuing to argue the facts and by asserting that the trial court allegedly made a comment to the effect that all agreements to arbitrate must be signed by the parties. We perceive no rational argument presented by plaintiff in support of its position; thus, we determine that defendant is entitled to the sanctions requested.

There is no factual basis for the contention that the trial court held that *any* agreement to arbitrate must be in writing and signed by the parties. Instead, we interpret the court's statement in that regard to mean that, because the draft agreement provided it was to be effective from the date all signatures of the parties were affixed, signatures were a necessity to make *this* arbitration agreement effective. Of more note, even if plaintiff's interpretation of the trial court's statement were correct, such statement was mere *obiter dictum*, determinative of nothing. *See Applewood Gardens Homeowners' Ass'n v. Richter*, 42 Colo.App. 510, 596 P.2d 1226 (1979).

When the trier of fact found, on supporting evidence, that there was no agreement between the parties to arbitrate this suit was, or should have been, over. There is no more basic rubric of appellate law than that facts as found to exist by the trier of fact having support in the record are binding on review. For these reasons, we view this appeal as being totally groundless and

frivolous. *See Mission Denver v. Pierson,* 674 P.2d 363 (Colo.1984). Therefore, we remand the cause to the trial court to determine the proper amount of costs and attorney fees and to enter an order making such award.

The order is affirmed and the cause is remanded for further proceedings as set out herein.

RULAND and ENOCH *, JJ., concur.