Joan Marie LEGO, Plaintiff–Appellant,

v.

Franz X. SCHMIDT; Michael Baker; Peter Fryberger; Chris Kelly and John Doe I, John Doe II, John Doe III, whose true identities are presently unknown, Defendants–Appellees.

No. 89CA0733.

Colorado Court of Appeals, Div. V.

May 24, 1990.

As Modified on Denial of Rehearing Aug 23, 1990.

Certiorari Denied March 11, 1991.

Robert T. Lego, Denver, for plaintiff-appellant.

Hall & Evans, Barbara A. Duff, Denver, for defendant-appellee Franz X. Schmidt.

Anderson, Campbell and Laugesen, P.C., Gregg C. McReynolds, Denver, for defendants-appellees Michael Baker and Peter Fryberger.

Burg & Eldredge, P.C., Peter W. Burg and Matthew R. Giacomini, Denver, for defendant-appellee Chris Kelly.

Opinion by Judge DAVIDSON.

Plaintiff, Joan Marie Lego, appeals the summary judgment entered in favor of defendants, Franz Schmidt, Michael Baker, Pete Fryberger, and Chris Kelly, dismissing her claims of negligence and negligence per se. We affirm.

Plaintiff was injured when a car, owned and operated by Franz Schmidt and traveling at about 5 m.p.h., knocked her down and ran over her foot. Schmidt was driving on a road restricted to pedestrian use in a Denver mountain park and, at the time of the accident, was accompanied by three passengers: Defendants Fryberger, Baker, and Kelly. All in the car, including Schmidt, were aware that pedestrians were also present on the road.

Based on her injuries, plaintiff reached a settlement with the driver's insurance company in which she forfeited the right to collect additional damages except to the extent any of the defendants were covered by separate insurance policies.

Alleging that all were negligent and negligent per se, plaintiff subsequently filed this action against the driver, the passengers, and several unnamed defendants who are not parties to this appeal. The claims against the passengers rested, in part, upon their alleged negligence in distracting the driver and in failing to warn or intervene to prevent the accident, and upon their alleged negligence per se in violating and/or in conspiring with and aiding and abetting the driver in violating various traffic regulations.

The trial court granted summary judgment in favor of all defendants: in favor of the driver on the basis of the release and in favor of the passengers on the basis of lack of duty and lack of evidence. This appeal followed.

I.

Plaintiff contends that the trial court erred in granting summary judgment in favor of the passengers on her negligence claims. She asserts, first, that all of them owed her a duty under the circumstances

and, second, that the record reveals disputed issues of material fact with respect to the independent negligence of each. We disagree.

#### A.

■ The first duty plaintiff ascribes to the passengers is the obligation not to distract the driver of a motor vehicle so as to endanger unreasonably the person or property of others. Although not yet endorsed in Colorado, this duty has been invoked in at least one other jurisdiction to permit recovery against a passenger who, by hitting the driver on the head, caused him to turn around and lose control of his vehicle. *Hetterle v. Chido*, 155 Mich.App. 582, 400 N.W.2d 324 (1986).

We need not decide whether such a duty exists in Colorado because, as found by the trial court, the record contains no evidence suggesting that any of the passengers distracted the driver. The driver so testified in his affidavit, and, in describing the circumstances of the accident, an eyewitness made no suggestion of any distracting behavior by the passengers themselves. Also, contrary to plaintiff's argument, the fact that one of the passengers, Baker, engaged in minimal friendly conversation with pedestrians outside the window does not lead to an inference that he and his companions distracted the driver. The record in no way implies that Baker's conversation was disruptive or even that Baker, through such conversation, enticed the driver to join in.

Because there is no genuine disputed issue of fact as to whether the passengers distracted the driver, we conclude that the trial court did not err in granting summary judgment dismissing plaintiff's negligence claim insofar as it was based on the passengers' duty not to endanger the public by distracting their driver.

#### B.

Plaintiff also alleges that defendant passengers breached a duty to keep a look-out and give warning or intervene to prevent the accident.

■ Absent an agreement to do so or a special relationship with the driver, a passenger has no duty to keep a constant look-out in order to warn the driver of impending danger. *Campion v. Eakle*, 79 Colo. 320, 246 P. 280 (1926); *Powell v. Ouray*, 32 Colo.App. 44, 507 P.2d 1101 (1973). Thus, to the extent plaintiff alleges that the passengers were negligent in failing to watch for pedestrians in the park, no breach of duty can be shown.

However, plaintiff also alleges that the passengers failed to warn of and intervene to prevent a danger that they, in fact, did perceive. All three passengers, she asserts, knew the vehicle was being driven in a reckless and careless manner. One passenger, Fryberger, who was riding with the driver in the front seat, admitted in his deposition that he anticipated immediately before the accident that the car might strike plaintiff. But rather than shouting or pulling the emergency brake, he looked away.

A duty to warn or intervene is premised not on a defendant's action, but rather on his inaction: "The law has long recognized a distinction between action and failure to act—'that is to say between active misconduct working positive injury to others [misfeasance] and passive inaction or a failure to take steps to protect them from harm [nonfeasance]'" *University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987). Because in misfeasance the actor has created a new risk, and in nonfeasance, he has simply preserved the status quo, the situations in which nonfeasance leads to liability are much more circumscribed.

■ Hence, there exists a duty to control the conduct of a third person to prevent him from causing physical harm to another only if a special relation exists between the actor and either the wrongdoer or the victim. *Leake v. Cain*, 720 P.2d 152 (Colo. 1986); Restatement (Second) of Torts § 315 (1965). Central to there being a special relation between actor and wrongdoer is a determination that the actor has the right and capacity to control the wrongdoer. *See University of Denver v. Whitlock, supra.*

Here, plaintiff does not allege that the defendant passengers have any special relationship with her. Nor does she articulate any special relationship between the passengers and the driver other than their status as passengers. Thus, the analysis of whether they have a special relation giving rise to a duty depends on their authority and capacity, as passengers, to control the driver. *See University of Denver v. Whitlock, supra.*

However, in the context of overruling the doctrine of imputed negligence, our supreme court has recently. stated that " 'there is no longer any basis for assuming that the passenger ... has the capacity to assert control over or direct the operation of a moving automobile.' " *Watson v. Regional Transportation District,* 762 P.2d 133 (Colo.1988).

This recognition is equally applicable here. A driver may or may not be amenable to a passenger's control, *see Olson v. Ische,* 343 N.W.2d 284 (Minn.1984), and even an amenable driver may spontaneously react in abrupt and unexpected ways. Any attempt on the part of a passenger to direct the driver or to take over control of the brake or wheel could well become negligence itself, and the passenger is trapped into an instantaneous Hobson's choice between action and inaction.

In addition, we find it inappropriate to impose on a passenger a duty that would effectively make him an insurer of third persons against the negligence of the driver. "Instead of being invested with the liabilities of a guest, he would shoulder those of a master." *Dennison v. Klotz,* 12 Conn.App. 570, 532 A.2d 1311 (1987) *quoting, Reiter v. Grober,* 173 Wis. 493, 181 N.W. 739 (1921).

For these reasons, we conclude that the passengers owed plaintiff no duty to interfere with the driver's control of the car, by either word or deed, and that the summary judgment dismissing plaintiff's negligence claim against them was not in error. *See Dennison v. Klotz, supra* (passengers had no duty to warn driver that fellow passenger had been thrown from car and was in danger of being run over); *Akins v. Hamb-lin,* 237 Kan. 742, 703 P.2d 771 (1985) (passenger had no duty to request intoxicated driver to drive more carefully for protection of second passenger); *Winslow v. Brown,* 125 Wis.2d 327, 371 N.W.2d 417 (1985) (passenger not liable for negligent look-out unless he assumed that part of driver's responsibilities prior to accident); *Davidson v. City of Westminster,* 32 Cal.3d 197, 185 Cal.Rptr. 252, 649 P.2d 894 (1982) (knowledge of danger by one not in special relationship with injured party is insufficient to impose duty to protect or warn); *Olson v. Ische, supra* (passenger has no duty to third party to discourage intoxicated companion from driving his own car); Restatement (Second) of Torts § 315 comment b (1965) (passenger not liable to third party run over by car even though he knows of the other's danger and knows that a mere word might prevent the accident); *but see Adams v. Morris,* 584 S.W.2d 712 (Tex.Civ.App.1979) (passenger must protest driver's excess speed).

## II.

Plaintiff also contends that the trial court erred in entering summary judgment in favor of the passengers on her claims alleging negligence per se. In particular, she argues that they were negligent as a matter of law in that they violated a park regulation prohibiting the use of motor vehicles on the service road in question, and in that they conspired with and/or aided and abetted the driver in violating numerous other regulations and statutes. Again, we disagree.

To establish a claim of negligence per se, the plaintiff must show that: (1) she is a member of the class the statute or ordinance was designed to protect; (2) the injuries suffered were of the kind the statute was enacted to prevent; and (3) the defendant violated the statute. To support liability, she must also prove that her injuries were proximately caused by the defendant's negligence. *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986).

### A.

Plaintiff maintains that the defendant passengers were negligent per se pursuant to § 42-4-1502, C.R.S. (1984 Repl.Vol. 17) and Denver Municipal Code § 38-2 (1982) in that they conspired with and aided and abetted the driver in committing various traffic crimes and infractions. We conclude that no claim is sustainable on such basis.

The application of the ordinance is traffic related and the statute is part of the traffic code, both of which are intended to protect the safety of all persons traveling on the public roadways, and the plaintiff was injured while so traveling. Accordingly, we conclude that the plaintiff was a member of the class the statute was designed to protect and that the injuries suffered were of the kind the statute was intended to prevent.

■ However, the record includes no evidence that any of the defendants violated either the ordinance or the statute. Neither aiding and abetting nor conspiracy can be established by mere acquiescence. *Dressel v. People*, 174 Colo. 238, 483 P.2d 367 (1971) (conspiracy); *Quintana v. People*, 106 Colo. 174, 102 P.2d 486 (1940) (aiding and abetting). Instead, it must be proven that the defendant either helped or encouraged, for aiding or abetting, *see Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970), or agreed to help, for conspiracy, *see Dressel v. People, supra*, in the commission of a crime.

■ Here, the record contains no evidence that any of the passengers in any way assisted, encouraged, or agreed to help the driver commit a crime. Although there is evidence that the driver had consumed at least one beer and may have even become intoxicated, there is no evidence that any of the defendants served it to him or encouraged him to drive while drunk. While there is evidence that the driver was not watching the road, from which it might be inferred that he was driving recklessly, there is no evidence that any of the passengers encouraged him to so behave. Similarly, there is also no evidence that any passenger helped, encouraged, or conspired with the driver to take his vehicle off of the designated roads or to commit any of the other violations cited by plaintiff.

### B.

■ Plaintiff also asserts that the trial court erred in dismissing their negligence per se claim based on the passengers' violations of Denver Municipal Code §§ 39-13 and 39-20 (1982), making it unlawful to violate restrictions on the use of mountain parks. She argues that the passengers violated the Code by "using" the driver's car, contrary to posted signs, on a pathway closed to motor vehicles.

Even if we assume that the word "use" on the signs was intended to include mere passengers, a question we do not decide, we conclude that summary judgment was appropriate on this issue because there is no evidence from which the jury could find that their "use" of the vehicle proximately caused plaintiff's injuries.

■ Although the determination of proximate cause is a question of fact for the jury when based on conflicting evidence, *Pioneer Construction Co. v. Richardson*, 176 Colo. 254, 490 P.2d 71 (1971), when there is no conflicting evidence, it is a matter of law for the court. *CeBuzz, Inc. v. Sniderman*, 171 Colo. 246, 466 P.2d 457 (1970); *Hertz Driv-Ur-Self System, Inc. v. Hendrickson*, 109 Colo. 1, 121 P.2d 483 (1942); *see Burchinal v. Gregory*, 41 Colo. App. 490, 586 P.2d 1012 (1978).

Here, there is no evidence that, but for the passengers' "use" of the car, the plaintiff would not have been injured. The record does not suggest that their conduct contributed to the accident.

For these reasons, we affirm the trial court's summary judgment in favor of the passengers on plaintiff's claim of negligence per se.

### III.

■ Relying on language in her settlement with the driver's insurance company that she reserved the right "to sue or continue suit" against all defendants, plain-

tiff contends that the trial court erred in relying on the settlement document to grant summary judgment in favor of the driver. Again, we disagree.

Contrary to plaintiff's contention, the fact that the settlement document, a release and covenant not to execute, does not foreclose continuing suit against the driver does not automatically render such suit viable. A person possessing a legal right may base no cause of action thereupon unless he presents a justiciable controversy. *Colorado General Assembly v. Lamm*, 700 P.2d 508 (Colo.1985). A case is not justiciable when "a judgment, if rendered, will have no practical legal effect upon an existing controversy." *Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968).

The language of the release and covenant not to execute cited by plaintiff is modified by the words "subject to the foregoing restrictions." The restrictions state that any additional recovery by the plaintiff will be limited to proceeds from separate insurance policies owned by any of the defendants, including any excess policy of the driver's.

When the trial court specifically asked plaintiff's counsel to explain what purpose would be served by continuing the suit against the driver, he admitted that the only reason would be to "collect from the other carriers in the car who were responsible for [the driver]." Yet at that time, after completion of discovery, it was undisputed that the driver had no other insurance policy, and plaintiff had presented no evidence that the driver was an insured under any policies of the remaining defendants. Accordingly, any judgment plaintiff would recover by continuing the suit against the driver could have no practical legal effect, and the suit had become futile and nonjusticiable. *McCune v. F. Alioto Fish Co.*, 597 F.2d 1244 (9th Cir.1979). Therefore, the claim against the driver was properly dismissed on summary judgment.

In addition, contrary to plaintiff's suggestion in her reply brief, insofar as the driver's degree of fault may be important in any continuing suit against the unidentified defendants who are not parties to this appeal, such fault may be considered without maintaining the driver as a party. Section 13–21–111.5(3)(b), C.R.S. (1987 Repl. Vol. 8A).

## IV.

■■■■ All defendants assert that this appeal was frivolous and groundless and request that we award costs and attorney fees in their favor pursuant to C.A.R. 38. We disagree except with respect to plaintiff's claim against the driver, Schmidt.

A claim is frivolous if the proponent can present no rational argument based on the evidence or the law in support thereof. The test encompasses appeals that are manifestly insufficient or futile. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Plaintiff has mustered no rational argument that appealing and continuing the suit against Schmidt is anything but a futile gesture. Not only has she described no relief to be gained therefrom; she has given no reason whatsoever for keeping Schmidt in the suit. Therefore, we conclude that the appeal against Schmidt was frivolous and award costs and fees only to him. *See Applewood Gardens Homeowners Association, Inc. v. Richter*, 42 Colo.App. 510, 596 P.2d 1226 (1979).

The judgment of the trial court is affirmed, and the cause is remanded to the trial court for an assessment of costs and attorney fees in favor of defendant Schmidt.

CRISWELL, J., concurs.

DUBOFSKY, J., specially concurs.

Judge DUBOFSKY specially concurring:

I concur with the result reached by the majority, but write separately to stress that this case is limited to a narrow fact situation.

Here, the evidence shows the driver was aware that pedestrians were walking near his vehicle. We are therefore not deciding if there is a duty for a passenger to warn the driver where the passenger sees an

upcoming hazard and also knows the driver is unaware of the hazard. That circumstance presents a more compelling situation for imposing a duty to warn on the passenger. *See University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987) (fn. 3); 3 F. Harper, F. James, and O. Gray, *The Law of Torts* § 18.6 (2d ed. 1986).