**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CLARISSA WELLS,

　　　　Plaintiff-Appellant,

v.

JOHN D. DEAN; GREGORY C.
SHEETS; UNITED STATES
GOVERNMENT; FEDERAL
PROTECTIVE SERVICE (8PAF);
GENERAL SERVICES
ADMINISTRATION; LTC
CHARLES S. KELLAR;
MAJ LOWELL C. PRESKITT:
CPT STEVEN GARCIA; U.S. ARMY
RECRUITING BATTALION
DENVER; DEPARTMENT OF THE
ARMY; SECRETARY TO THE
ARMY; THOMAS E. WHITE; MEL
CALDWELL; SHERMAN STREET
PROPERTIES, INCORPORATION,

　　　　Defendants-Appellees.

No. 02-1510
(D.C. No. 01-RB-1989 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Clarissa Wells, proceeding pro se, appeals the district court's order dismissing her case in which she sought damages for injuries she sustained while being improperly ejected from her place of employment with the federal government.  This court granted her request to proceed on appeal without prepayment of costs and fees.  We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

BACKGROUND

Ms. Wells was a civilian employee of the Department of the Army.  She was assigned a work location in office space leased from defendant Sherman Street Properties, Inc. (Sherman Street), and managed by defendant Caldwell.  In late September of 2000, defendant Kellar informed Ms. Wells that her employment would be terminated on October 7, 2000.  She immediately took administrative leave until October 4, 2000, when she appeared at her office to complete her notice period.  Shortly after she arrived, she was asked to leave and

-2-

when she refused, she was forcibly removed. She alleges that defendants Preskitt and Garcia tried to intimidate and threaten her to get her to leave, but when that did not work, they directed defendants Dean and Sheets to remove her. A struggle ensued during which she alleges she was seriously injured. Defendant Caldwell, the property manager, was present during the scuffle. Ms. Wells filed suit based on this incident, claiming all defendants injured her and violated her constitutional rights, and that they had conspired to do so.

The case was referred to a magistrate judge, who recommended granting the defendants' motions to dismiss. The district court adopted the recommendation and dismissed all claims with prejudice.

All of the defendants, except Sherman Street and Caldwell, are employees, officials or agencies of the United States government; they will be referred to as the "federal defendants." Sherman Street and Caldwell will be referred to by name or as the "civilian defendants."

## PRELIMINARY MATTERS

### Jurisdiction

We must first determine whether this court has jurisdiction over the appeal. Ms. Wells did not file a notice of appeal within sixty days after the final order was entered on November 29, 2002, as required by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure to invoke appellate jurisdiction. She did, however,

file a motion to proceed in forma pauperis within the required time, which may serve as the functional equivalent of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) (holding an appellate brief filed within the allotted time can be the functional equivalent of a notice of appeal). We construe Ms. Wells' motion to proceed in forma pauperis as a notice of appeal and exercise jurisdiction over this appeal. See Hoover v. United States, 268 F.2d 787, 789 (10th Cir. 1959) (construing timely-filed motion to proceed on appeal in forma pauperis as notice of appeal); see also Knox v. Wyoming, 959 F.2d 866, 868 n.1 (10th Cir. 1992) (restating rule from Hoover).

### Failure to Object to Magistrate Judge's Recommendation

Next we consider whether Ms. Wells waived her right to appeal the judgment by failing to object to the magistrate judge's recommendation, as provided by 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure. "Failure of a plaintiff to object to a magistrate judge's recommendations results in a waiver of appellate review. This remains true for pro se litigants if the plaintiff was properly informed of the consequences of [her] failure to object." Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) (citation omitted). Here, however, it is not clear that Ms. Wells was informed that failing to file objections would result in a waiver of appellate review. Although the magistrate judge's recommendation indicates that the necessary advisement

was attached, the record contains no such advisement. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) ("This notice should be included in the text of the document containing the magistrate's findings and recommendations."). Accordingly, because the record does not demonstrate that Ms. Wells was properly informed of the consequences of her failure to object, we decline to apply the "firm waiver rule," and we proceed to the merits. Cf. Theede v. United States Dep't of Labor, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (applying "firm waiver rule").

## MERITS

Ms. Wells alleged the following claims for relief: (1) conspiracy to violate her constitutional rights, (2) use of excessive and unreasonable force, (3) assault, (4) battery, (5) outrageous conduct, and (6) negligence.

### Standard of Review

The defendants' motions to dismiss were based on Fed. R. Civ. P. 12(b)(1) and (6), alleging lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. "We review de novo the district court's dismissal for lack of subject-matter jurisdiction." Owen v. Magaw, 122 F.3d 1350, 1352 (10th Cir. 1997). Our review of an order of dismissal for failure to state a claim also is de novo. See Witt v. Roadway Express, 136 F.3d 1424, 1431 (10th Cir. 1998). Because plaintiff is representing herself on appeal, her

-5-

pleadings will be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

Claims Against Federal Defendants

The magistrate judge issued a careful and thorough recommendation for dismissal, addressing each of Ms. Wells' claims against the federal defendants, and concluding that she was not entitled to relief on any of them.     We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties.  Applying the standards set out above, we affirm the dismissal of Ms. Wells' claims against the federal defendants for the same reasons stated by the magistrate judge, and adopted by the district court.

Claims Against Civilian Defendants

Ms. Wells alleged that Sherman Street and Caldwell were vicariously responsible for the acts of the federal defendants because Sherman Street owned and managed the real property where the incident occurred and Caldwell was employed by Sherman Street.  Ms. Wells also argued that Caldwell had a duty to intervene in the incident.

Ms. Wells did not oppose the motion to dismiss filed by Sherman Street and Caldwell.  Therefore, we deem her claims against Sherman Street and Caldwell abandoned in the district court and we decline to consider them.     O'Connor v. City & County of Denver  , 894 F.2d 1210, 1214 (10th Cir. 1990).  Even if we were

-6-

to address them, however, we would hold that these non-governmental defendants are not liable for federal civil rights violations. See Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1126 (10th Cir. 2000) (holding that allegation of state action based on a conspiracy theory requires specific facts showing agreement and concerted action by both public and private actors). As for her state-law claims, Ms. Wells has not identified a recognized duty on the part of either of the civilian defendants to intercede in the actions of the federal defendants. Cf. Lego v. Schmidt, 805 P.2d 1119, 1122 (Colo. Ct. App. 1990) (recognizing that circumstances in which a failure to act leads to liability are limited). Moreover, Ms. Wells' allegations are insufficient for a claim of outrageous conduct. See Bohrer v. DeHart, 943 P.2d 1220, 1224 (Colo. Ct. App. 1996) (holding outrageous conduct claim requires evidence that defendants' actions were "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community," and that defendants "intentionally caused severe emotional distress"). We conclude that the district court properly granted Sherman Street and Caldwell's motion to dismiss with prejudice.

<u>CONCLUSION</u>

Ms. Wells' motion for a gag order and concealment of release of information is denied. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge