*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD ALBERT BEARSS,

        Plaintiff-Appellant,

UNPUBLISHED
June 18, 2020

v

DAVID FAZZINI,

        Defendant-Appellee.

No. 347206
Oakland Circuit Court
LC No. 2018-167428-NI

Before: GADOLA, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of the trial court granting defendant summary disposition under MCR 2.116(C)(8) of plaintiff's claim of negligence. We affirm.

## I. FACTS

This case arises from an automobile-motorcycle collision. On June 24, 2017, plaintiff had stopped his motorcycle at an intersection when he was struck by a vehicle driven by Dana Pangori.[1] Plaintiff filed this lawsuit against defendant alleging that Pangori collided with him because she was distracted by her cell phone, which was receiving text messages and phone calls from defendant. Plaintiff alleged that defendant knew that Pangori was driving, but chose to call and text her despite the potential distraction posed by this conduct. Plaintiff alleged that defendant had a duty to act with reasonable care, and that he breached that duty by distracting Pangori. Plaintiff alleged that he suffered severe physical injuries and sustained damages as the result of defendant's negligence.

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8), holding that plaintiff's claim of negligence failed as matter of law because plaintiff

---

[1] Plaintiff recovered from Pangori in a separate lawsuit.

-1-

failed to establish any relationship between the parties that would impose a duty upon defendant. Plaintiff now appeals to this Court.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 205-206; 920 NW2d 148 (2018). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint; we accept all well-pleaded factual allegations as true and construe them in a light most favorable to the nonmovant. *Id*. at 206. A motion for summary disposition under this section is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery. *Id*. We also review de novo the trial court's determination whether a duty exists. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

### B. NEGLIGENCE

Plaintiff contends that the trial court erred in granting defendant summary disposition, concluding that plaintiff did not establish that defendant owed a duty to plaintiff. We disagree.

To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of those damages. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). The threshold question in a negligence action is whether the defendant owed a legal duty to the plaintiff. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004), which is a question of law to be decided by the court. *Hill*, 492 Mich at 659. In a negligence action, if the plaintiff does not establish that the defendant owed the plaintiff a duty, summary disposition is properly granted to the defendant under MCR 2.116(C)(8). *Halbrook v Honda Motor Co, Ltd*, 224 Mich App 437, 441; 569 NW2d 836 (1997).

"Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Composto*, 328 Mich App at 499. Every person engaged in the performance of an undertaking has a duty to use due care, that is, to not unreasonably endanger others or their property. *Hill*, 392 Mich at 660. However, a person generally is not obligated to aid or protect another, *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013), and typically has no duty to protect another from the conduct of a third person. *Swan v Wedgwood Christian Youth & Family Servs*, 230 Mich App 190, 200; 583 NW2d 719 (1998).

Here, plaintiff contends that defendant had a duty to refrain from distracting Pangori, and that his failure to do so caused Pangori to injure plaintiff. Relying on *Clark v Dalman*, 379 Mich 251, 260-261; 150 NW2d 755 (1967), plaintiff argues on appeal that "every person is under the general duty to engage in activities or refrain from activities that will not harm another." However, that broad interpretation of *Clark* was rejected by our Supreme Court in *In re Certified Question from Fourteenth Dist Court of Appeals of Texas*, 479 Mich 498; 740 NW2d 206 (2007), wherein the Court explained that although *Clark* makes statements to that effect

[T]hese statements immediately follow the statement that "[a]ctionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law." [*Clark*, 379 Mich ] at 260-261. . . . Therefore, contrary to plaintiffs'. . . suggestion, *Clark* does not stand for the proposition that everybody owes a duty to everybody else. [*In re Certified Question*, 479 Mich at 509 n 10.]

Duty may arise from a statute, a contractual relationship, or by operation of the common law. *Hill*, 492 Mich at 660-661. At common law, "[t]he determination of whether a legal duty exists is a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently injured person." *Id*. (emphasis, quotation marks, and citation omitted). To determine whether a duty exists, we evaluate factors such as the relationship of the parties, the foreseeability of harm, the burden on the defendant, and the nature of the risk. *Id*. In particular, no duty can be imposed unless there was a relationship between the parties and the harm was foreseeable. *Id*.

A duty to use reasonable care may arise when a person has a special relationship either with the person causing the injury or with the victim. *Murdock v Higgins*, 454 Mich 46, 54; 559 NW2d 639 (1997). Special relationships that may give rise to a duty include owners and occupiers of land and their invitees, *Bailey*, 494 Mich at 604, employers and employees, common carriers and passengers, and innkeepers and guests. *Williams v Cunnigham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988). Importantly, "[t]hese special relationships are predicated on an imbalance of control, where one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself." *Bailey*, 494 Mich at 604 (emphasis, quotation marks, and citation omitted). The special relationship "must be sufficiently strong to require the defendant to take action to benefit the injured party." *Murdock*, 454 Mich at 54. If there is no relationship between the parties, no duty can be imposed. *In re Certified Question*, 479 Mich at 507.

In this case, plaintiff did not allege that he had a special relationship with defendant, nor that that there was a special relationship between defendant and Pangori that would give rise to a duty.[2] Because a motion under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings alone, *Bodnar v St. John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019), the trial court did not err in finding the record devoid of any special relationship that would impose a duty upon defendant.

Plaintiff nonetheless suggests that this Court's decision in *Hetterle v Chido*, 155 Mich App 582; 400 NW2d 324 (1986) supports the finding of duty in this case. In *Hetterle*, the plaintiff sought damages from the defendant who, while a passenger in a car, began hitting the driver of the car in the head, causing the driver to swerve over the centerline of the road and into the path of oncoming traffic, colliding with the plaintiff's motorcycle. This Court concluded that the defendant in that case, an automobile passenger, had a duty to refrain from distracting the driver of the automobile. *Id*. at 589. Plaintiff in this case concedes that defendant was not a passenger

---

[2] Plaintiff suggests on appeal that defendant is Pangori's employer, but did not allege this in his Complaint.

in Pangori's vehicle when the accident occurred, but argues that defendant was an "electronic passenger" whose electronic communications distracted Pangori, causing the collision.

The issue presented in *Hetterle*, however, is not the same issue presented in this case. In *Hetterle*, the issue was "whether, as a matter of law, an automobile passenger is under an obligation to refrain from taking action which is likely to so distract the driver of the automobile as to present an unreasonable danger to the person or property of others." *Id.* at 589. In other words, *Hetterle* addressed the obligation of a passenger in an automobile to not interfere with a driver's ability to safely pilot the vehicle.

By contrast, this case does not involve the obligations of the passenger in an automobile; in fact, it has little to do with automobiles. Instead, the issue in this case involves the obligations, if any, of the sender of a message. Specifically, the question in this case is whether a duty is created for the sender of a message when the recipient of the message chooses to read the message or to respond to the message while undertaking an activity that might be rendered dangerous if not given the recipient's full attention, such as driving. The inquiry would be the same regardless of the means used to send the message and regardless of the activity being undertaken by the recipient. For example, does the person who sends a letter through the mail undertake a duty if the recipient of the letter chooses to read the letter while driving? Does the person who sends a text message undertake a duty if the recipient chooses to read the message while operating a power saw? In such scenarios, the sender of a message does not control when and under what circumstances the recipient of the message reads or responds to the message. Moreover, characterizing defendant in this case as an "electronic passenger" in Pangori's car would mean that the sender of a letter that a recipient reads while driving is a "paper passenger." We need not go down that path, however, because *Hetterle* addressed the obligations of a passenger in a vehicle, and this case does not. [3]

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

---

[3] We similarly decline plaintiff's invitation to find *Kubert v Best*, 432 NJ Super 495; 75 A3d 1214 (App Div, 2013) instructive in establishing that defendant had a duty to act with reasonable care, finding that case unpersuasive. See *Holton v Ward*, 303 Mich App 718, 727 n 11; 847 NW2d 1 (2014) (cases from foreign jurisdictions, although not binding, may be considered persuasive).